**Marvin R. GORDON, Plaintiff–Appellant,**

v.

**MAYCAYO; et al., Defendants–Appellee.**

No. 01–16680.

D.C. No. CV–98–06474.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002.*

Decided July 29, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM***

Marvin R. Gordon, a California state prisoner, appeals pro se from the district court's judgment for defendants in his 42 U.S.C. § 1983 action alleging violation of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

his right to due process and his right of access to the courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Weeks v. Bayer*, 246 F.3d 1231, 1234 (9th Cir.2001) (judgment on the pleadings); *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam) (summary judgment), and affirm.

Gordon contends that the district court erred by granting in part the defendants' motion for judgment on the pleadings due to Gordon's failure to exhaust certain claims under 42 U.S.C. § 1997e(e). We reject this contention. We agree with the district court that the only exhausted claim in Gordon's second amended complaint was his due process claim relating to his confinement to quarters from October 15, 1998 to December 15, 1998. Accordingly, we affirm the district court's ruling on defendants' motion for judgment on the pleadings. *See Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).[1]

Gordon also contends that the district court erred by granting summary judgment on his due process claim. We reject this contention. Gordon argues that he was entitled to notice and a hearing because confinement to quarters for sixty days is an "atypical and significant deprivation" giving rise to a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Because Gordon failed to present any evidence comparing his conditions of confinement during the sixty days to the conditions of his prior prison life, the district court properly granted summary judgment for defendants on this claim. *See Sandin*, 515 U.S. at 483–84; *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir.1996). Insofar as Gordon argues that his confinement to quarters forced him to choose between access to the law library and outside recreation, the record does not demonstrate that his situation was sufficiently similar to previous situations where we have found a constitutional violation. *See Allen v. City of Honolulu*, 39 F.3d 936, 938–40 (9th Cir. 1994).

Finally, Gordon contends that the district court erred by granting summary judgment for defendants on his claim that he was denied access to the courts when his time in the law library was restricted. We reject this contention. Upon our review of the record, which includes a copy of the prison's law library log, we note that Gordon visited the library at least twenty-one times and that the visits were, on average, an hour long. Based upon this evidence, we conclude that Gordon had adequate access to the law library and affirm the district court's summary judgment on this claim. *See Lewis v. Casey*, 518 U.S. 343, 354–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir.1995).

We reject Gordon's remaining contentions as meritless.

**AFFIRMED.**

---

1. Insofar as Gordon exhausted his administrative remedies with respect to the revocation of thirty days of good-time credits as a disciplinary sanction, we agree with the district court that this claim is precluded because the disciplinary sanction has not been vitiated. *See Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).